**R. Wayne JOHNSON, Petitioner–Appellant**

v.

**Rick THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent–Appellee.**

No. 10–10510

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 15, 2011.

R. Wayne Johnson, Amarillo, TX, pro se.

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM: *

R. Wayne Johnson, Texas prisoner # 282756, has filed a motion for a certificate of appealability (COA) to appeal the district court's denial of a motion for a preliminary injunction he filed in conjunction with his application for relief under 28 U.S.C. § 2254. In that application, Johnson challenged his prison disciplinary conviction of possessing contraband and the resulting loss of 45 days of good-time credit. Johnson contends that the Texas Department of Criminal Justice's (TDCJ) use of disciplinary rules to forfeit his good-time credits violated the Supremacy Clause; the TDCJ's disciplinary tribunals exhibit a pattern of illegal activity in violation of the Racketeer Influenced and Corrupt Organizations Act; the TDCJ is unconstitutionally using disciplinary rules to prosecute criminal activity; and the TDCJ's disciplinary process is fundamentally unfair.

Johnson is not required to obtain a COA to appeal the district court's denial of his motion for a preliminary injunction because he is not challenging "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). Accordingly, his request for a COA is denied as unnecessary.

We may consider Johnson's claims because interlocutory orders denying preliminary injunctions are immediately appealable as an exception to the final-judgment rule. *See* 28 U.S.C. § 1292(a)(1); *Lake-*

**384**

*dreams v. Taylor,* 932 F.2d 1103, 1107 (5th Cir.1991). However, Johnson has not met the criteria for warranting a preliminary injunction. *See Byrum v. Landreth,* 566 F.3d 442, 445 (5th Cir.2009). The district court did not abuse its discretion by denying his motion for a preliminary injunction. *See Anderson v. Jackson,* 556 F.3d 351, 355 (5th Cir.2009). Accordingly, the district court's order denying Johnson's motion for a preliminary injunction is affirmed.

MOTION DENIED; AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.